**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**ROBERT P. MANNON and**
**PEGGY MANNON,**

**Plaintiffs,**

**v.** **Case No. 3:26-cv-00075**

**ST. MARY'S MEDICAL CENTER, INC.,**
**d/b/a HIMG,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiffs' Fed. R. Civ. P. 37(c)(1) Motion to Exclude the Use of Defendant's Expert Witnesses and Information (ECF No. 29) and Plaintiffs' Fed. R. Civ. P. 37(c)(1) Motion to Exclude the Use of Defendant's Supplemental Expert Witness Disclosures (ECF No. 41). Both motions are fully briefed. (ECF Nos. 30, 32, 34, 42, 47, 48). The motions concern the same expert disclosures, so the Court addresses them together. For the reasons that follow, the motions are **DENIED**. With the consent of the presiding District Judge, the Court extends two expert disclosure deadlines. The discovery deadline and all other deadlines in the Scheduling Order remain unchanged. The Court **ORDERS** Defendant to serve its outstanding expert reports and to supplement Dr. Shapiro's report by **December 4, 2026**, and extends the rebuttal deadline to **January 4, 2027**.

## I. Background

This medical malpractice action arises from the care that Defendant's employee, Sandra E. Marshall, M.D., provided to Plaintiff Robert P. Mannon for a squamous cell

carcinoma of the right temple. (ECF No. 1). The Scheduling Order required the party bearing the burden of proof on an issue to make its Rule 26(a)(2)(A) and (B) disclosures by August 7, 2026; the party not bearing the burden to make its disclosures by September 7, 2026; and all parties to make disclosures "intended solely to contradict or rebut evidence on the same issue identified by another party" by October 16, 2026. (ECF No. 16 at 2). Discovery closes February 12, 2027, and trial is set for May 18, 2027. (*Id.* at 4–5).

Plaintiffs timely served their expert disclosures on August 3, 2026. (ECF No. 25). On September 15, 2026, after their August 7 deadline, Plaintiffs served supplemental expert disclosures adding two treating physicians. (ECF No. 28). Defendant served its disclosure on September 8, 2026. (ECF Nos. 27, 29-2). Defendant identified one retained expert, dermatopathologist Philip E. Shapiro, M.D., and provided his *curriculum vitae*, his hourly rate, and the general subject of his testimony, but Defendant did not attach his report. Defendant stated that Dr. Shapiro's report "will be supplemented upon receipt and completion of review, by Dr. Shapiro, of an additional pathology slide from Cabell Huntington Hospital." (ECF No. 29-2 at 2). In its disclosure, Defendant also reserved the right to elicit opinions from any of Mr. Mannon's treating providers and to retain additional experts. (*Id.*).

The chain of custody records attached to Plaintiffs' second motion show that a single re-cut slide was released from Cabell Huntington Hospital's pathology department on September 2–3, 2026, with the "[o]riginal [m]aterial retained in pathology," and that defense counsel's office mailed it to Dr. Shapiro on September 3, 2026. (ECF Nos. 41-3 at 6, 41-4 at 8).

On September 16, 2026, Plaintiffs moved to exclude any witness or information derived from Defendant's disclosure. (ECF No. 29). On October 16, 2026, Defendant

served a Supplemental Disclosure of Expert Witnesses. (ECF Nos. 36, 41-1). It attached a brief report from Dr. Shapiro listing the records and slides he reviewed. Those included eighteen slides under accession number SSP21 079 and six under SSP21 1418 from St. Mary's Medical Center, and "a pathology slide from Cabell Huntington Hospital labelled 1-SP-22 1250 A.1-1." The report stated two opinions: (1) that treating Mr. Mannon's April 2022 carcinoma by desiccation and curettage rather than Mohs surgery "did not constitute negligence"; and (2) that, at the February 2022 biopsy, the carcinoma measured one millimeter in thickness to the base of the specimen, so the evidence does not support a measurement of two millimeters. (ECF No. 41-1 at 8). The supplement also identified, for the first time, two damages experts, life care planner Kelly Campbell, R.N., and economist George A. Barrett, with their *curricula vitae* and fee information, but stated that their reports "will be supplemented." (*Id.* at 3–4). As of the close of briefing, those reports had not been served. (ECF No. 47 at 13). Plaintiffs filed their second motion on November 3, 2026. (ECF No. 41).

## II. <u>Legal Standard</u>

A party must disclose the identity of any witness it may use at trial to present expert testimony. Fed. R. Civ. P. 26(a)(2)(A). For a retained expert, the disclosure "must be accompanied by a written report—prepared and signed by the witness," which must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii). For a nonretained expert, the disclosure must state the subject matter of the expected testimony and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). These disclosures must be made "at the times and in the sequence that the

court orders." Fed. R. Civ. P. 26(a)(2)(D). A party must supplement a disclosure that is incomplete or incorrect, Fed. R. Civ. P. 26(e), but supplementation does not extend the deadline for serving the report itself. A scheduling order may be modified only by the Court, for good cause. Fed. R. Civ. P. 16(b)(4).

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to or instead of exclusion, the Court may order payment of the reasonable expenses caused by the failure and "may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(A), (C). The nondisclosing party bears the burden of showing that its failure was substantially justified or harmless. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). In deciding that question, courts consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* at 597. The Court need not expressly address each factor. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014); *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011).

## III. <u>Discussion</u>

### *A. Dr. Shapiro*

#### 1. Compliance with Rule 26(a)(2)(B)

Defendant does not bear the burden of proof on the standard of care, and Dr. Shapiro is its affirmative standard of care expert. His report was therefore due with

Defendant's responsive disclosures on September 7, 2026.[1] Defendant contends that the October 16 report was timely because Dr. Shapiro is a rebuttal expert. (ECF No. 47 at 6–7). The Court disagrees. The October 16 deadline applies to evidence offered "solely to contradict or rebut" another party's expert evidence. (ECF No. 16 at 2; *see* Fed. R. Civ. P. 26(a)(2)(D)(ii)). It is not a second deadline for the responding party's principal expert, and the Scheduling Order distinguishes between "Responsive" and "Rebuttal" disclosures. (ECF No. 16 at 4). Defendant's unilateral reservation of the right to supplement did not extend the deadline. Only the Court may modify the schedule, and Defendant did not ask it to before the deadline passed. Fed. R. Civ. P. 16(b)(4).

Defendant's September 8 disclosure contained no report. Its October 16 report identifies the materials Dr. Shapiro reviewed and states two opinions, but it does not satisfy Rule 26(a)(2)(B)(i). It gives no basis or reasons for the opinion that Dr. Marshall's treatment "did not constitute negligence:" it does not identify the standard of care Dr. Shapiro applied or explain why the treatment met it. As to the thickness opinion, the report does not say which slide Dr. Shapiro measured, whether that slide was an original diagnostic slide or a re-cut, or how the measurement was made. Those omissions matter here. The record shows that the Cabell Huntington material provided to Dr. Shapiro was a re-cut section, not the slide read in 2022 (ECF No. 41-4 at 8), and Defendant has described that material inconsistently. *Compare* ECF No. 41-3 at 2 (stating that "the original slides were retrieved from the custodial laboratories and provided for Dr.

---

[1] September 7, 2026, was Labor Day. The Court need not decide whether Federal Rule of Civil Procedure 6(a) extended the deadline to September 8, 2026, the day Defendant served its disclosure, because the result is the same either way: the September 8 disclosure contained no report.

Shapiro's review"), *with* ECF No. 47 at 9–10 (stating that the original material was retained and "one re-cut slide" was released).

Accordingly, Defendant's disclosures as to Dr. Shapiro did not comply with Rule 26(a)(2)(B). The remaining question is whether that failure was substantially justified or harmless.

**2. Whether exclusion is warranted**

Weighing the *Southern States* factors, the Court finds that Defendant's failures can be rendered harmless if cured promptly. Any surprise to Plaintiffs is limited. They have known Dr. Shapiro's identity, qualifications, compensation, and general subject matter since September 8, and have had his two opinions since October 16. Plaintiffs can also cure that surprise: discovery remains open until February 12, 2027, and no expert has been deposed. Dr. Shapiro's testimony also would not disrupt trial, which is not set until May 18, 2027. Finally, Dr. Shapiro is Defendant's only standard of care expert, and excluding him would leave Defendant without expert testimony on the central liability issue, so the importance of his testimony weighs against exclusion.

The fifth factor favors Plaintiffs. Defendant attributes the delay to awaiting the Cabell Huntington slide, but its counsel mailed that slide to Dr. Shapiro on September 3, 2026, before the deadline, and Defendant neither sought an extension nor explained why the report was not served until October 16. (ECF No. 41-3 at 6). On this record, however, with ample time remaining in discovery, the appropriate remedy is to require Defendant to supplement the report and to give Plaintiffs a full opportunity to test it, not to exclude Defendant's only liability expert. Fed. R. Civ. P. 26(e)(1)(B). The supplemented report must be confined to the two opinions disclosed on October 16, 2026; it may not be used to add new opinions.

### 3. The pathology slides

Plaintiffs argue that Dr. Shapiro's review of the Cabell Huntington slide was an unauthorized Rule 35 examination. (ECF Nos. 30 at 7, 34 at 7, 48 at 8). Rule 35 authorizes the Court to order a party whose physical or mental condition is in controversy "to submit to a physical or mental examination." Fed. R. Civ. P. 35(a)(1); *see Schlagenhauf v. Holder*, 379 U.S. 104 (1964). An expert's review of tissue already obtained in the course of a patient's treatment is not an examination of the party's person. The Rule 35 argument is rejected.

Plaintiffs also argue that Defendant obtained the slides unlawfully, without Mr. Mannon's authorization or a subpoena. (ECF Nos. 42 at 9–10, 48 at 6–7). Defendant responds that it used its own records and those of a commonly owned affiliate, as permitted by HIPAA's health care operations provision and by Mr. Mannon's implied consent in filing suit. (ECF No. 47 at 8–9). Rule 37(c)(1) addresses failures of disclosure; it is not the vehicle for deciding whether evidence was lawfully obtained, and the parties have not developed a record on that question. The Court therefore declines to exclude Dr. Shapiro's opinions on this ground, without prejudice to a properly supported motion. Plaintiffs' concern that a re-cut may not accurately reflect the tissue's thickness goes to the reliability and weight of Dr. Shapiro's opinion, which Plaintiffs may test through the disclosures ordered below, inspection of the original material, Dr. Shapiro's deposition, and, if appropriate, a timely motion under Federal Rule of Evidence 702. To protect the evidence in the meantime, the Court orders the pathology material preserved.

### *B. Kelly Campbell, R.N., and George A. Barrett*

Plaintiffs bear the burden of proof on damages, so Defendant's damages experts were due with its responsive disclosures on September 7, 2026. (ECF No. 16 at 2).

Defendant did not identify Ms. Campbell or Mr. Barrett until October 16, 2026, and as of the close of briefing it had not served a report for either of them. (ECF Nos. 41-1 at 3–4, 47 at 13). Even if these experts were offered solely to rebut Plaintiffs' damages evidence, their reports were due by October 16, 2026, and they still have not been served. Defendant asks, in the alternative, for an extension to serve the reports. (ECF No. 47 at 13). Granting that request requires modifying the Scheduling Order, which "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The record does not show that Defendant sought an extension before the deadline passed. On September 8, 2026, Defendant reserved the right to disclose experts on life care planning and economics rather than seeking additional time. (ECF No. 29-2 at 3). It served its discovery requests on Plaintiffs on October 5, 2026. (ECF No. 33). As of the close of briefing, the reports had not been served. (ECF No. 47 at 13).

Other circumstances, however, support a limited extension. Plaintiffs' damages claims changed after Defendant's deadline. On September 15, 2026, after their own August 7, 2026 deadline, Plaintiffs served supplemental disclosures adding two physicians who treated newly diagnosed conditions. (ECF Nos. 28, 34 at 6–7). Plaintiffs did not answer Defendant's damages discovery until November 2, 2026. (ECF No. 40). A life care planner and an economist could not fully address damages that had not yet been disclosed. In addition, Plaintiffs have not identified any specific prejudice from the late damages disclosures, and their reply does not address Ms. Campbell or Mr. Barrett. (*See* ECF No. 48). Any prejudice can be cured within the existing schedule. The extension set below allows Plaintiffs to receive the reports, depose both experts, and serve rebuttal disclosures before the February 12, 2027 discovery deadline, and it does not change the

discovery, dispositive motion, pretrial, or trial dates. Excluding Defendant's only damages experts under these circumstances would be a disproportionate sanction.

The presiding District Judge has consented to the extension. Accordingly, the Court finds good cause under Rule 16(b)(4) to extend Defendant's deadline to serve its remaining Rule 26(a)(2) disclosures, including the reports of Ms. Campbell and Mr. Barrett, to December 4, 2026, and to extend the deadline for rebuttal disclosures to January 4, 2027. Only these two expert disclosure deadlines are extended. The discovery deadline and all other deadlines in the Scheduling Order remain unchanged. These deadlines are firm. If Defendant does not serve complete reports for Ms. Campbell and Mr. Barrett by December 4, 2026, those experts will be excluded.

### *C. Nonretained Witnesses and Reservations of Rights*

Defendant has not disclosed nonretained expert witnesses or provided Rule 26(a)(2)(C) summaries. A general reservation of the right to elicit opinions from "any" treating provider does not satisfy Rule 26(a)(2)(A) or (C). Defendant argues that the Scheduling Order set no specific deadline for such disclosures. (ECF No. 32 at 5–6). The Court need not resolve that question. Defendant must serve any Rule 26(a)(2)(C) disclosures by December 4, 2026. Any nonretained witness not disclosed as required is subject to Rule 37(c)(1). Likewise, Defendant's reservations of the right to retain additional experts have no effect. Any additional expert may be disclosed only upon a showing of good cause under Rule 16(b)(4).

## IV. Conclusion

For these reasons, it is hereby **ORDERED** as follows:

1. Plaintiffs' motions (ECF Nos. 29, 41) are **DENIED**. The denial is without prejudice to a properly supported motion addressing how Defendant obtained the pathology material.

2. With the consent of the presiding District Judge, and for good cause shown, the Scheduling Order (ECF No. 16) is **MODIFIED** as follows:

   (a) Defendant shall serve its remaining Rule 26(a)(2) disclosures, including complete Rule 26(a)(2)(B) reports for Kelly Campbell, R.N., and George A. Barrett and any Rule 26(a)(2)(C) disclosures, by **December 4, 2026**; and

   (b) the deadline for rebuttal expert disclosures is extended to **January 4, 2027**, solely as to evidence intended to contradict or rebut the disclosures served under Paragraphs 2(a) and 3(a).

   Only these two expert disclosure deadlines are extended. All other deadlines in the Scheduling Order remain in effect.

3. By **December 4, 2026**, Defendant shall supplement its expert disclosure under Rule 26(e)(1)(B) by serving on Plaintiffs:

   (a) a supplemental report from Dr. Shapiro, prepared and signed by him, that (i) states the basis and reasons for each opinion in his October 16, 2026 report, including the standard of care he applied; (ii) identifies, by accession and block or slide number, each slide he examined and states whether it is an original diagnostic slide or a re-cut; (iii) describes the method by which he examined and measured the tissue; and (iv) identifies any exhibits he will use. The supplemental report shall not add opinions beyond those stated in his October 16, 2026 report; and

(b) all records reflecting the chain of custody of the pathology material provided to Dr. Shapiro from St. Mary's Medical Center and Cabell Huntington Hospital, from its release by the custodial laboratory to the present, including records showing who prepared any re-cut, when, and where, and the present location of all such material.

4. If Defendant does not serve complete reports for Ms. Campbell and Mr. Barrett by **December 4, 2026**, those experts will be excluded under Rule 37(c)(1). If Defendant fails to comply with Paragraph 3, Plaintiffs may move to exclude any opinion not disclosed in compliance with it.

5. By **December 16, 2026**, Defendant shall make the original pathology material (including tissue blocks and slides) and any re-cuts available for inspection by Plaintiffs' expert at a mutually agreeable time and place. No party shall cause any further sectioning, re-cutting, or other alteration of Mr. Mannon's pathology material without the written agreement of all parties or leave of Court.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record.

**ENTERED:** November 25, 2026

/s James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE